JS – 6

LINKS: 11, 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1405 GAF (JCx) | Date | July 13, 2012 |
|---|---|---|---|
| Title | Safeco Insurance Company of America v. Lisa Nadalsky | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

### ORDER DISMISSING CASE

On February 17, 2012, Plaintiff Safeco Insurance Company of America filed this claim against Defendant Lisa Nadalsky, individually and on behalf of the Estate of Daniel Nadalsky. (Docket No. 1, [Compl.].)  Defendant's spouse was killed in a car accident while riding as a passenger in a car insured by Plaintiff, who seeks declaratory relief in connection with Defendant's claim for benefits under its insurance policy.  (Id. ¶¶ 12, 17, 32.)

In the Complaint, Plaintiff invoked diversity jurisdiction, alleging that Defendant is "a resident of California." (Id. ¶¶ 1, 3.)  Allegations of residence, however, are insufficient to establish citizenship for diversity jurisdiction.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  Therefore, on July 3, 2012, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  (Docket No. 11 [7/3/12 Order].)  Plaintiff timely responded on July 9, 2012, but Plaintiff's response is deficient in that it still alleges the residency, not citizenship, of Defendant.  (See Docket No. 12 [Response] ¶ 2. )

As such, the Court cannot determine whether complete diversity exists between the parties to establish subject matter jurisdiction under 28 U.S.C. Section 1332(a).  Accordingly, Plaintiff's claim is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**